IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES LEWIS BOBO,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

                Defendant.

Case No. 6:15-cv-00965-SB

**OPINION AND ORDER**

**BECKERMAN, Magistrate Judge.**

    Charles Lewis Bobo ("Bobo"), acting *pro se*, filed this action to obtain judicial review of the Social Security Commissioner's ("Commissioner") decision to grant him Supplemental Security Income benefits based upon a finding of disability due to a mental, rather than physical, impairment.

    Bobo moves to proceed *in forma pauperis* ("IFP"). Bobo is unable to afford the costs of litigation and his IFP Application (ECF No. 2) is granted. The Clerk shall not issue process,

Page 1 - OPINION AND ORDER

however, as this case is dismissed for failure to seek timely review, and Bobo's claims are also barred by *res judicata*.

A court should dismiss, at the earliest practical time, IFP actions that fail to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii). This Court must liberally construe Bobo's *pro se* Complaint in his favor and determine whether it is sufficient. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Bobo alleges:

> State here as briefly possible facts of your case = Claims under Title 12 Supplemental Security Income and Title 2. They denied in United State[s] of Appeal Ninth Circuit. Plaintiff seeks review under title 2 or Title XVI of the Social Security Act.
> Describe how each defendant involved = Social Security Administrative July 2010 Administrative Law Judge issued a fully favorable decision finding Mr. Bobo disable and entitled to SSI disability payment under Title XVI of the Social Security Act. The Problem with decision was under mental condition should have been physical.
> When conduct occurred = 09 2004
> Any injuries suffered result = Yes damaged stomach, severe headache, black lung.

(Compl. 3.)

On July 6, 2010, an administrative law judge ("ALJ") issued a favorable decision, finding Bobo disabled and entitled to Supplemental Security Income under Title XVI of the Social Security Act. *Bobo v. Astrue*, No C12-1730-MAT, at *1-2 (W.D. Wash. Feb. 5, 2013) (Order Granting Motion to Dismiss) (hereinafter "*WDC Order*"). On January 3, 2012, the Appeals Council issued a notice denying Bobo's request for review, making the ALJ's decision the final decision of the Commissioner. *WDC Order* at 2. The Notice of Appeals Council Action advised Bobo he could commence a civil action within sixty days of the date of its decision, and it was presumed he received a copy of the decision within five days of the decision date unless he showed otherwise. *Id.*

Page 2 - OPINION AND ORDER

The notice also stated that, if Bobo was unable to file for court review within sixty days, he could seek an extension of the deadline from the Appeals Council. *Id.* The Appeals Council sent the request to Bobo and his legal representative. *Id.*

On October 11, 2012, more that nine months after the decision of the Appeals Council, and more than seven months beyond the appeal period, Bobo initiated a civil action in the Western District of Washington. *Id.* Bobo acknowledged in his Complaint before the Washington District Court that the January 3, 2012 Appeals Council notice advised he had sixty days to file a civil complaint. *Id.* The Washington District Court granted the Commissioner's Motion to Dismiss for failure to comply with the applicable statue of limitations, including a failure to demonstrate a basis for equitable tolling. *Id.* at 3-8.

Bobo appealed the Washington District Court's dismissal of his Complaint. *Bobo v. Colvin*, 570 Fed. Appx. 713 (9th Cir. 2014). On April 16, 2014, the Ninth Circuit affirmed the Washington District Court's decision to dismiss Bobo's Complaint as untimely.

On July 25, 2014, Bobo filed a Complaint in the Oregon District Court, attempting once again to obtain judicial review of the Commissioner's final decision. *Bobo v. Commissioner of Social Security*, Case No. 6:14-cv-1184-TC (D. Or. July 30, 2014) (Findings and Recommendation) (hereinafter "*ODC F&R*"). A magistrate judge reviewed the history of Bobo's efforts to obtain review of the final decision of the Commissioner, and concluded the "principles of *res judicata* and collateral estoppel preclude[d]" the action in the Oregon District Court. *ODC F&R* at 4. The Court also found Bobo's Complaint was time barred. *Id.* The magistrate judge recommended Bobo's Complaint be dismissed, with prejudice. *Id.*

Page 3 - OPINION AND ORDER

On September 2, 2014, a district judge adopted the magistrate judge's Findings and Recommendation, and entered Judgment dismissing Bobo's Complaint. *Bobo*, Case No. 6:14-cv-1184-TC (ECF Nos. 9 and 10). Bobo immediately appealed from that Judgment and, on September 25, 2014, the Ninth Circuit declined to allow Bobo's appeal to proceed because it was so "insubstantial as to not warrant further review." *In re: CHARLES L. BOBO*, Case No. 13-80148 (9th Cir. Sep. 25, 2014).

In his present Complaint, Bobo again attempts to obtain judicial review of the Commissioner's 2010 decision. As explained in numerous prior decisions, the time period for such an appeal expired long ago. As a result, Bobo's Complaint must be dismissed, with prejudice.

In addition, Bobo's Complaint must be dismissed for the independent reason that his claims were raised, or could have been raised, in a prior federal action between the parties that resulted in a final judgment on the merits, *i.e.*, the Western District of Washington action, as well as the prior District of Oregon action. *See Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005) ("*Res judicata* applies when the earlier suit (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." (quotations and citation omitted)); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956-57 (9th Cir. 2002) (the doctrine of *res judicata* bars subsequent litigation both of claims that were raised and those that could have been raised in the prior action; dismissal for failure to state a claim is a "judgment on the merits" for purposes of the doctrine).

For the reasons set forth above, Bobo's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED. Bobo's Complaint (ECF No. 1) is DISMISSED, with prejudice, prior to service.

IT IS SO ORDERED

Dated this 18th day of June 2015.

_____
STACIE F. BECKERMAN
United States Magistrate Judge